UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES E. HARKEN,

    Plaintiff,

v.

                                            Hon. Jane M. Beckering

                                            Case No. 1:23-cv-396

GENE SPERLING, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff James Harken filed his pro se complaint in this case on April 18, 2023 against Gene Sperling, a White House Senior Advisor and American Rescue Plan coordinator, and former Secretary of Labor Marty Walsh. The Court denied Plaintiff's application for leave to proceed *in forma pauperis* on April 20, 2023 because his financial affidavit disclosed sufficient resources to pay the filing fee. (ECF No. 4.) Plaintiff paid the filing fee in full on April 26, 2023.

Because Plaintiff paid the filing fee, I am not authorized to review the complaint under 28 U.S.C. § 1915(e) to determine whether it should be dismissed because it is frivolous or malicious or fails to state a claim on which relief may be granted. *See Clark v. United States*, 74 F. App'x 561, 562 (6th Cir. 2003) ("Clark, however, did not proceed IFP, but paid the filing fee. Generally, if a plaintiff pays the filing fee, a complaint is not subject to dismissal without notice to the plaintiff and an opportunity to amend.") (citing *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999)). Nonetheless, it is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999);

*see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). For the reasons set forth below, I recommend that the Court dismiss this action pursuant to *Apple* because Plaintiff's claim amounts to a generalized grievance which cannot support Article III standing. In addition, the Court cannot grant the relief Plaintiff requests. In short, Plaintiff's claim is implausible and devoid of merit.

Plaintiff alleges that as part of the American Rescue Plan (ARP) signed by President Joseph Biden in 2021, a Special Financial Assistance Program was created that is expected to spend $91 billion to support 200 underfunded multiemployer pension plans through the Pension Benefit Guaranty Corporation (PBGC), helping them to remain solvent through at least 2051. (ECF No. 1 at PageID.2.) Plaintiff further alleges that pursuant to the Special Financial Assistance Program, the federal government will provide $36 billion to shore up the Central States Pension Fund, which provides retirement pension benefits to members of the Teamsters Union. (*Id.*)

In his sole claim, captioned "Abuse of Equity Against the Majority of People of the United States Who Work in the Private Sector," Plaintiff alleges that President Biden, contrary to his constitutional oath to faithfully execute the duties of the office of President of the United States, "abused the equity of the majority of the private sector work force of the United States for the benefit of a small minority of union workers." (*Id.* at PageID.3.) He calculates that 79 percent of all non-farm employee workers in the private sector are not participants in a pension plan covered by the PBGC and that the number of Teamsters workers in the private sector represents only one percent of all workers. (*Id.*) Plaintiff asserts that "because of President Biden, 79% of the private sector workers are taxed $36 [b]illion to provide pensions to the 1% of teamster union members and are taxed $91 billion to provide pensions to all workers in the 200 multiemployer pension plans." (*Id.* at PageID.4.) He alleges that this amounts to an "abuse of equity against the majority

of the people working in the private sector of the United States" because it amounts to taking money from the majority of workers in the workforce and giving it to a small minority of workers in that group. (*Id.*)

For relief, Plaintiff requests that the judicial branch: (1) "cancel the discriminatory $91 billion financial assistance program in the Biden [ARP]"; (2) "get the Army involved to make sure all money is returned to the United States"; (3) "shut down the discriminatory [PBGC because] this department only benefits a small minority of the private sector work force to the detriment of the majority"; (4) "ensure that high level employees of [PBGC] do not get golden parachutes or promotions"; and (5) charge both Defendants and President Joseph Biden with fraud, abuse of power, [and] financial abuse & discrimination." (*Id.* at PageID.5.)

Plaintiff's legal claim is implausible and devoid of merit. He does not allege that the ARP or the Special Financial Assistance Program is unconstitutional in any respect. More importantly, he fails to allege any fact indicating that he has Article III standing. This Court has no authority to render advisory opinions, issue opinions on abstract principles, or hear generalized grievances. *See Allen v. Wright*, 468 U.S. 737, 751 (1984); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). A plaintiff seeking relief must show that he has standing to assert a claim. The test for Article III standing is well known. To be entitled to sue in federal court, a plaintiff must have suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be "fairly traceable" to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). An injury in fact requires "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"

3

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The alleged harm "'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1). Plaintiff does not allege that he suffered an individualized injury. Instead, the only possible injury that can be gleaned from the complaint is injury resulting from Plaintiff's taxpayer status. It is well established, however, that taxpayer status is generally insufficient to satisfy Article III's standing requirement. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332. 343 (2006) ("On several occasions, this Court has denied federal taxpayers standing under Article III to object to a particular expenditure of federal funds simply because they are taxpayers."). As the Supreme Court explained in *Hein v. Freedom From Religion Foundation, Inc.*, 551 U.S. 587 (2007):

> It has long been established, however, that the payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government. In light of the size of the federal budget, it is a complete fiction to argue that an unconstitutional federal expenditure causes an individual federal taxpayer any measurable economic harm. And if every federal taxpayer could sue to challenge any Government expenditure, the federal courts would cease to function as courts of law and would be cast in the role of general complaint bureaus.

*Id.* at 592. While the Court has recognized a narrow exception to the taxpayer status rule allowing a plaintiff to assert an Establishment Clause violation, *see Flast v. Cohen*, 392 U.S. 83, 88 (1968), Plaintiff does not allege an Establishment Clause violation, and the Supreme Court has not extended the *Flast* exception beyond Establishment Clause claims. *See DaimlerChrysler Corp.*, 547 U.S. at 347 (noting that "only the Establishment Clause has supported federal taxpayer suits since *Flast*") (internal quotation marks omitted).

In short, Plaintiff's complaint presents a generalized grievance brought on behalf of the public at large, which is insufficient to establish standing. *See Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216–17 (1974) (abstract injury shared by all citizens fails to establish

standing to sue). Plaintiff fails to allege any "personal stake" in the dispute and has not alleged any injury "particularized as to him." *See Raines v. Byrd*, 521 U.S. 811, 819 (1997).

Because standing to prosecute an action is a necessary element to invoke the Court's subject matter jurisdiction*, see Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 631 (6th Cir. 2015) (stating that if a plaintiff does not have standing to bring a case, the court lacks jurisdiction and must dismiss the case), I recommend that the Court dismiss this case as authorized by *Apple*.[1]

Date:  May 1, 2023                              /s/ Sally J. Berens  
                                                SALLY J. BERENS  
                                                U.S. Magistrate Judge

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[1] The complaint may also be considered devoid of merit under *Apple* because the Court has no authority to grant any of the relief Plaintiff requests.

5