UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES E. HARKEN,

    Plaintiff,

v.

                                        Case No. 1:23-cv-396

GENE SPERLING, et al.,                   HON. JANE M. BECKERING

    Defendants.
_____/

**OPINION AND ORDER**

      Plaintiff James Harken, proceeding *pro se*, initiated this action on April 18, 2023 against Defendants Gene Sperling, a White House Senior Advisor and American Rescue Plan coordinator, and former Secretary of Labor Marty Walsh. On May 1, 2023, the Magistrate Judge issued a Report and Recommendation, recommending that the action be dismissed pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation (ECF No. 8). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which an objection has been made.

      After thoroughly setting forth the factual basis of Plaintiff's Complaint, the Magistrate Judge determined that Plaintiff failed to allege subject matter jurisdiction because "Plaintiff's legal claim" ("Abuse of Equity Against the Majority of People of the United States Who Work in the Private Sector") "is implausible and devoid of merit" and Plaintiff "fails to allege any fact indicating that he has Article III standing" (R&R, ECF No. 7 at PageID.19–20). The Magistrate

Judge further noted that the Complaint may also be devoid of merit "because the Court has no authority to grant any of the relief Plaintiff requests" (*id.* at PageID.22, n.1).

Plaintiff's objection concedes that he does not assert any injury, as necessary to establish Article III standing (Pl. Obj., ECF No. 8 at PageID.23) ("[The] court spent 1& ½ pages on how the plaintiff was not harmed by the facts in the lawsuit even though there was not one word in the lawsuit where plaintiff complained that he was harmed."). Plaintiff's objection represents a misunderstanding of the Magistrate Judge's standing analysis and ultimate conclusion that this matter is properly dismissed. Moreover, Plaintiff's objection reveals his dissatisfaction with the Magistrate Judge's conclusion but fails to identify—let alone demonstrate—any factual or legal error. *See* W.D. Mich. LCivR 72.3(b) (An objecting party is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections."). Accordingly, Plaintiff's objection is properly denied, and the Report and Recommendation is approved and adopted as the Opinion of the Court.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Objection (ECF No. 8) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 7) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is DISMISSED for the reasons stated herein and in the Report and Recommendation.

A Judgment consistent with this Opinion and Order will enter. *See* Fed. R. Civ. P. 58.

Dated: May 24, 2023                                                          /s/ Jane M. Beckering
                                                                                         JANE M. BECKERING
                                                                                         United States District Judge